IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | * |
| v. | * Crim. Case No.: SAG-16-0051 |
| GLEN KYLE WELLS, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Petitioner Glen Kyle Wells was convicted by a jury of conspiring to distribute and possess with intent to distribute controlled dangerous substances in violation of 21 U.S.C. § 846. ECF 280. On February 22, 2018, United States District Judge Catherine C. Blake sentenced him to 188 months in prison. ECF 359. His conviction was affirmed by the United States Court of Appeals for the Fourth Circuit on June 24, 2020. *United States v. Campbell*, 963 F.3d 309 (4th Cir. 2020). Now pending before this Court is Wells's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2).[1] ECF 537. The Government filed an opposition, ECF 550, and no reply has been filed. No evidentiary hearing is necessary to resolve the issues raised. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, Wells's motion will be denied.

**I.    COMPASSIONATE RELIEF**

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), which permits courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub.

---

[1] Wells has filed a separate motion for reduction of sentence pursuant to Amendment 821 to the United States Sentencing Guidelines. ECF 534. The Federal Public Defender's Office reviews all such motions to determine whether it will undertake representation of the defendant with respect to a sentencing reduction. As that review has not been completed, this Court will defer adjudication of that motion.

L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239–41. Whereas previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act authorized defendants to move for a reduction of their sentence on their own behalf. *Id.* Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* Once a motion is for compassionate release is properly filed, the Court must (1) determine whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release and (2) consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. *Id.*

The Government concedes that Wells adequately exhausted his administrative remedies. *See* ECF 550 at 3. Thus, this Court turns to the inquiry described in § 3582(c)(1)(A)(i), beginning with whether Wells has established any "extraordinary and compelling reason[]" warranting further consideration of compassionate release.

Congress has charged the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). In response, the Commission defined "extraordinary and compelling reasons" to exist where (1) the defendant is suffering from a terminal or serious medical condition; (2) the defendant is at least 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (3) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse, partner, or parent becomes incapacitated and the defendant is the only available caregiver; (4) the defendant is a victim of sexual or physical abuse by a correctional officer; (5) "other reasons" similar in gravity to the four

2

prior reasons exist; and (6) a change in a law results in a gross disparity between an unusually long sentence being served and the sentence likely to be imposed under new law. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(b)(1)–(6) (U.S. SENTENCING COMM'N 2023) (hereinafter "U.S.S.G.").

Wells argues four bases constituting "extraordinary and compelling reasons" for his release: (1) that the sentencing judge's erroneous reliance on his career offender status "substantially affected" the sentence imposed; (2) that his 76-year-old mother has health issues and needs a caregiver; (3) that he has made substantial efforts at rehabilitation; and (4) that the COVID-19 pandemic has resulted in harsher conditions of confinement. ECF 537 at 13–17.

As this Court has already determined in the context of Wells's post-conviction motion, Judge Blake made abundantly clear that she was not sentencing Wells under the career offender guidelines and that the sentence she imposed would not be affected "by a different ruling if [she] happened to be wrong about the career offender status." ECF 478-1 at 5:21–24, 24:21–25. Wells's sentencing paperwork lists "career offender guideline . . . too high," as one rationale for Judge Blake's dramatic downward variance from those guidelines. ECF 360 at 3. Her determination that Wells qualified as a career offender simply played no role in her sentence and is entitled to no weight here.

Wells's unfortunate family circumstances also do not qualify as extraordinary and compelling reasons supporting further consideration of compassionate release. The USSG recognizes that one situation that might constitute an extraordinary and compelling reason could be "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." USSG § 1B1.13(b)(3)(C). Wells has specifically explained, however, that his sister is presently caring for his mother who is suffering from significant health issues.

ECF 537 at 10. While Wells appropriately recognizes the significant burden placed on his sister in his absence, it is clear that Wells is not the only available caregiver, and he has also failed to establish the unavailability of others who might assist in his mother's care.

Wells also cites to his rehabilitative efforts. He has obtained his GED and participated in a large number of education courses and programs while incarcerated. ECF 537-1. He has also been working as a compound orderly. *Id.* This Court recognizes Wells's meaningful accomplishments during his term of imprisonment. However, this Court disagrees that those accomplishments can be viewed as extraordinary and compelling, because participation in programming and working within the facility are activities that are expected of inmates in the BOP. This factor, then, does not rise to the level of extraordinary and compelling, either alone or in combination with Wells's other contentions.

Finally, Wells argues that this Court should find an extraordinary and compelling reason because his conditions of confinement became more difficult during the COVID-19 pandemic. Those conditions are not extraordinary, as they were common to every individual confined during the 2020 to 2022 timeframe. Wells has not established any particularized harm that he suffered as a result of his confinement during that window, in order to establish an extraordinary and compelling reason justifying further consideration of a sentencing reduction.

After considering Wells's four arguments both individually and in combination, this Court finds no extraordinary and compelling reason to proceed further with its analysis. It therefore need not reach the 18 U.S.C. § 3553(a) factors. This Court notes, however, that any consideration of such factors would involve weighing the factors that Judge Blake considered at sentencing: Wells's "significant" role in a "very substantial drug conspiracy," his role as a supplier who involved his relationship with a police officer in the criminal activity, his involvement in an armed home

4

invasion, his personal circumstances including his family relationships, the "overwhelming" nature of the evidence against him, and his relative culpability as compared to his co-defendants. ECF 478-1 at 22:10–24:18, 25:1–12. In totality, those factors would counsel heavily against a sentencing reduction, particularly given that Wells has served less than half of the downward-variant sentence Judge Blake imposed.

      Wells's motion, ECF 537, will be denied by separate order.

Dated: July 29, 2024                                   _____/s/_____
                                                              Stephanie A. Gallagher
                                                              United States District Judge